I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED:  5-16-06

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 16 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DONELL BROOKS, | ) | Case No. EDCV 05-382-MMM (MLG) |
| Petitioner, | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | IN PART WITHOUT PREJUDICE AND |
| v. | ) | WITH LEAVE TO AMEND; ORDER |
| | ) | DIRECTING PETITIONER TO FILE |
| DAVE RUNNELS, Warden, | ) | SECOND AMENDED PETITION |
| Respondent. | ) | |
| | ) | |

I.  **Factual and Procedural History.**

        This is a petition for writ of habeas corpus brought pursuant
to 28 U.S.C. § 2254.  On November 19, 1998, Petitioner and his co-
defendant, Charles Jordan, robbed the Union Bank of California branch
located inside a Ralph's grocery store in Menifee, California. Jordan
entered the store and pistol-whipped Dennis Hale, a bank customer.
Jordan left the store with $10,000.00 in cash.

        Petitioner and Jordan were members of the same gang, the East
Coast 69 Crips.  As Jordan was inside robbing the Union Bank,
Petitioner, who was acting as the "get-away driver" for the robbery,

DOCKETED ON CM

MAY 16 2006

BY                    040

1  was waiting for him in his car, which was parked in the Ralph's
2  parking lot.   Petitioner and Jordan were apprehended following a
3  chase by police.

4      In an information filed in the Riverside County Superior Court
5  in February 1999, Petitioner was charged with: three counts of
6  robbery, in violation of California Penal Code ["CPC"] § 211; one
7  count of assault with a semi-automatic firearm, in violation of CPC
8  § 245(b); and one count of receiving stolen property, in violation
9  of CPC § 496(a).   The information alleged that Jordan personally used
10  a firearm during the commission of these crimes, in violation of CPC
11  § 12022.53(b), and that all of Petitioner's charged offenses were
12  committed in association with, at the direction of or for the benefit
13  of the East Coast 69 Crips, with the specific intent to promote,
14  further or assist in other criminal activity of the East Coast 69
15  Crips, in violation of CPC § 186.22(b) ["the gang enhancement"].
16  (Id.).   It was further alleged that Petitioner was subject to a
17  sentence enhancement under CPC § 12022.53(e)(1) because Jordan
18  personally used a firearm and the crime was alleged to have been
19  committed to benefit the East Coast 69 Crips gang ["the firearm
20  enhancement"]. (Id.).

21      Petitioner and Jordan were tried in a consolidated jury trial
22  in the Riverside County Superior Court.   On March 3, 1999, the jury
23  found Petitioner guilty of three counts of robbery and acquitted him
24  of receiving stolen property.[1]   However, the jury deadlocked on the
25

26      [1] The record is unclear as to the Jordan verdicts.  It appears that
27  Jordan was convicted of the robbery charges and that the jury found
    true the factual predicate for the firearm enhancement as to Jordan,
    i.e. that he personally used a firearm within the meaning of CPC §§
28  12022.53(b) and (e)(1) for each of the three counts of robbery.

1 | issue of the gang enhancements and the assault charge, and a mistrial
2 | was declared.   After a second mistrial on August 5, 1999, a third
3 | jury found Petitioner guilty of the assault charge and found true the
4 | factual predicates for the gang and firearm enhancements.[2]   On
5 | December 3, 1999, Petitioner was sentenced to thirty-six years
6 | imprisonment.

7 | After exhausting his state remedies, Petitioner filed a petition
8 | for writ on habeas corpus in this court. *Brooks v. Runnels*, Case No.
9 | EDCV 02-0661-MMM (MLG).   In his petition, he raised three grounds for
10 | relief.   In his first ground for relief, he contended that the true
11 | finding on the gang enhancement was not supported by sufficient
12 | evidence.   Implicit in this claim was the argument that his firearm
13 | enhancement, for which a true finding on the gang enhancement is a
14 | factual predicate, was also unsupported by sufficient evidence.
15 | Petitioner next alleged that the opinion testimony of two sheriff's
16 | deputies concerning Petitioner's veracity violated his right to a
17 | fair trial and was so prejudicial that it could not have been cured
18 | by judicial instruction.   In his third and final ground for relief,
19 | he contended that California Model Jury Instruction – Criminal
20 | ["CALJIC"] No. 2.01 violated due process because it impermissibly
21 | shifted the burden of proof to a criminal defendant to prove his
22 | innocence.

23 | In an order and judgment dated July 3, 2003, District Judge
24 | Margaret M. Morrow adopted this Court's Report and Recommendation
25 | finding that the factual predicate for the gang and firearm
26 | enhancements was not supported by evidence sufficient to allow a

---

28 | [2] It does not appear that Jordan was tried along with Petitioner in this third trial.

1  rational fact finder to have found proof of guilt beyond a reasonable
2  doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). The
3  Court rejected Petitioner's other two arguments, granted the petition
4  in part and directed that Petitioner be re-sentenced consistent with
5  the Court's decision.

6      On September 23, 2003, Petitioner was re-sentenced by the
7  Riverside County Superior Court to a term of 24 years. In doing so,
8  the court found that the principal count for sentencing purposes
9  would be the mid-term (6 years) of the assault with a semi-automatic
10 firearm conviction under CPC § 245(b), doubled under CPC § 667(e)(1),
11 as Petitioner was a second time serious felony offender, for a
12 principal term of 12 years. On the three robbery convictions, the
13 Court imposed consecutive sentences one-third of the mid-term (6
14 years) for each, for an additional six years. In addition the
15 sentence included consecutive terms of a one-year prior conviction
16 enhancement and a five-year prior conviction enhancement under CPC
17 §§ 667.5(B) and 667.5(A) for a total of 24 years. (Lodgement 1 at pp.
18 43-44, 46, 54).

19     The post-sentence appellate record lacks clarity. As best as
20 the Court can determine, Petitioner filed a state habeas corpus
21 petition in the Riverside County Superior Court which was denied on
22 March 18, 2004. The grounds alleged in this petition are not known.

23     Petitioner filed a motion for modification of sentence on
24 October 19, 2004, alleging that the selection of the weapon assault
25 charge as the principal re-sentencing count violated this court's
26 decision in the federal habeas corpus proceeding because the assault
27 conviction and sentence was somehow predicated on a finding that the
28 assault was gang-related, a relationship which this court had found

4

1  was not supported by the evidence.  (Lodgement 1, p. 62-72).  The

2  Superior Court denied this motion on October 19, 2004. (Lodgement 1,

3  p. 61).

4       It appears that Petitioner also attempted to file an appeal from

5  the re-sentencing, but that the appeal was dismissed as untimely by

6  the California Court of Appeal on March 15, 2005.  According to

7  Respondent, Petitioner filed another habeas corpus petition in the

8  Riverside County Superior Court, which was denied on July 25, 2005.

9  On March 14, 2005, Petitioner filed a petition for writ of habeas

10  corpus in the California Supreme Court, which was denied on January

11  25, 2006.

12       This petition was filed on May 10, 2005.  The petition was

13  dismissed with leave to amend and on June 6, 2005, Petitioner filed

14  a first amended petition.  In that petition, it is alleged that the

15  trial court erred in sentencing Petitioner to a 12-year term on the

16  assault with a semiautomatic firearm charge when that finding was

17  dependent on the jury's determination that the offense was gang

18  related within the meaning of CPC § 186.22 and when this court had

19  concluded that the evidence was insufficient to support such a

20  finding.[3]  In addition, Petitioner may be attempting to challenge the

21  trial court's instructions on aiding and abetting which were given

22  to the jury in Petitioner's assault/gang enhancement trial.

23       On September 15, 2005, Respondent filed a motion to dismiss the

24  Petition.  Respondent asserts that this is a successive petition

25

26       [3] The court notes that in reading the applicable provisions of the
   California Code of Criminal Procedure, it would appear that a sentence
27  of 12 years would be authorized for an individual convicted of aiding
   and abetting an assault with a semi-automatic weapon who has one prior
28  serious felony, without a true finding on a gang enhancement. *See* CPC
   §§ 245(b); 667(e)(1).

1   which must be dismissed pursuant to 28 U.S.C. § 2244(b). Petitioner

2   filed a traverse on October 7, 2005 in which he continues to argue

3   that it is his September 2003 12-year sentence which he is

4   challenging as unconstitutional for the reasons previously stated.

5        To the extent that Petitioner is challenging an alleged

6   instructional error by the trial court that was not raised in the

7   prior petition, he may not do so without approval the United States

8   Court of Appeals for the Ninth Circuit.   The present petition is

9   governed by the provisions of the Antiterrorism and Effective Death

10  Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"),

11  enacted on April 24, 1996. Among other things, the AEDPA amended 28

12  U.S.C. § 2244 to require that "[b]efore a second or successive

13  application [for writ of habeas corpus] permitted by this section is

14  filed in the district court, the applicant shall move in the

15  appropriate court of appeals for an order authorizing the district

16  court to consider the application."   28 U.S.C. § 2244(b)(3)(A).

17  Section 2244(b)(3)(A) explicitly provides that a *second* petition

18  requires Ninth Circuit approval before it can be considered by the

19  district court.    Thus, if Petitioner is attempting to raise

20  Constitutional challenges to actions taken by the trial court in the

21  initial trial proceedings, he may not do so now.   Until the Ninth

22  Circuit authorizes the filing of such a petition, this Court lacks

23  jurisdiction to consider the merits of petitioner's claims.   *See*

24  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v.*

25  *U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject

26  matter jurisdiction to consider second or successive petition).

27       But, to the extent that Petitioner is challenging the

28  constitutionality of his 2003 re-sentencing or arguing that the

6

1  sentence imposed by the superior court violated this court's order

2  granting the petition for writ of habeas corpus, this court may have

3  jurisdiction to consider those issues.  However, given the difficulty

4  in understanding the claim(s) that Petitioner wishes to present, a

5  final determination is not possible on either the motion to dismiss

6  or the viability of the petition.

7      It is therefore ordered that Respondent's motion to dismiss be

8  GRANTED in part as to the claim of instructional error but that

9  Petitioner be given leave to amend the petition to clearly assert the

10  claims that he wishes to present.  Petitioner may file a "Second

11  Amended Petition" not later than 30 days from the date of this order.

12  To that end, the Clerk is instructed to send to petitioner with this

13  order a copy of the latest version of form Civ 69 - Petition for Writ

14  of Habeas Corpus by a Person in State Custody, pen-changed to reflect

15  "Second Amended" Petition. Respondent shall file an answer to the

16  second amended petition within 45 days of filing.  All additional

17  dates shall be governed by the scheduling order entered on August 4,

18  2005.  **Petitioner is further advised that if he fails to file a**

19  **Second Amended Petition in accordance with the requirements of this**

20  **order, the action will be subject to dismissal without further**

21  **notice.**

22  Dated: May 16, 2006

23

24

25                                        _____

26                                        Marc L. Goldman
                                          United States Magistrate Judge

27

28