FILED

JUN 2 2 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY D. BROOKS,<br><br>        Petitioner,<br><br>        v.<br><br>DAVE RUNNELS, Warden,<br><br>        Respondent. | Case No. EDCV 05-382-MMM (MLG)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

Petitioner is a state prisoner who is currently incarcerated at the Kern Valley State Prison in Delano, California. He filed this second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 15, 2006. Because this is his second § 2254 petition challenging the state court judgment under which he is currently incarcerated, the petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

I.   Facts and Procedural History

On November 19, 1998, Petitioner and his co-defendant, Charles Jordan, robbed the Union Bank of California branch located inside a



DOCKETED ON CM

JUN 2 2 2006

BY _____ 040



1 | Ralph's grocery store in Menifee, California. Jordan entered the
2 | store and pistol-whipped Dennis Hale, a bank customer.  Jordan left
3 | the store with $10,000.00 in cash.

4 | Petitioner and Jordan were members of the same gang, the East
5 | Coast 69 Crips. As Jordan was inside robbing the Union Bank,
6 | Petitioner, who was acting as the "get-away driver" for the robbery,
7 | was waiting for him in his car, which was parked in the Ralph's
8 | parking lot.  Petitioner and Jordan were apprehended following a
9 | chase by police.

10 | In an information filed in the Riverside County Superior Court
11 | in February 1999, Petitioner was charged with: three counts of
12 | robbery, in violation of California Penal Code ["CPC"] § 211; one
13 | count of assault with a semi-automatic firearm, in violation of CPC
14 | § 245(b); and one count of receiving stolen property, in violation
15 | of CPC § 496(a). The information alleged that Jordan personally used
16 | a firearm during the commission of these crimes, in violation of CPC
17 | § 12022.53(b), and that all of Petitioner's charged offenses were
18 | committed in association with, at the direction of or for the benefit
19 | of the East Coast 69 Crips, with the specific intent to promote,
20 | further or assist in other criminal activity of the East Coast 69
21 | Crips, in violation of CPC § 186.22(b) ["the gang enhancement"].
22 | (Id.).  It was further alleged that Petitioner was subject to a
23 | sentence enhancement under CPC § 12022.53(e)(1) because Jordan
24 | personally used a firearm and the crime was alleged to have been
25 | committed to benefit the East Coast 69 Crips gang ["the firearm
26 | enhancement"]. (Id.).

27 | Petitioner and Jordan were tried in a consolidated jury trial
28 | in the Riverside County Superior Court.  On March 3, 1999, the jury

2

1 found Petitioner guilty of three counts of robbery and acquitted him

2 of receiving stolen property.[1]  However, the jury deadlocked on the

3 issues of the gang and firearm enhancements and the assault charge,

4 and a mistrial was declared.  After a second mistrial on August 5,

5 1999, a third jury found Petitioner guilty of the assault charge and

6 found true the factual predicates for the gang and firearm

7 enhancements.[2]  On December 3, 1999, Petitioner was sentenced to

8 thirty-six years imprisonment.

9     After exhausting his state remedies, Petitioner filed a petition

10 for writ on habeas corpus in this court. *Brooks v. Runnels*, Case No.

11 EDCV 02-0661-MMM (MLG).  In his petition, he raised three grounds for

12 relief.  In his first ground for relief, he contended that the true

13 finding on the gang enhancement was not supported by sufficient

14 evidence.  Implicit in this claim was the argument that his firearm

15 enhancement, for which a true finding on the gang enhancement is a

16 factual predicate, was also unsupported by sufficient evidence.

17 Petitioner next alleged that the opinion testimony of two sheriff's

18 deputies concerning Petitioner's veracity violated his right to a

19 fair trial and was so prejudicial that it could not have been cured

20 by judicial instruction.  In his third and final ground for relief,

21 he contended that California Model Jury Instruction - Criminal

22 ["CALJIC"] No. 2.01 violated due process because it impermissibly

23 shifted the burden of proof to a criminal defendant to prove his

24 ─────────────────

25 [1] The record is unclear as to the Jordan verdicts.  It appears that Jordan was convicted of the robbery charges and that the jury found true the factual predicate for the firearm enhancement as to Jordan,

26 i.e. that he personally used a firearm within the meaning of CPC §§ 12022.53(b) and (e)(1) for each of the three counts of robbery.

27

28 [2] It does not appear that Jordan was tried along with Petitioner in this third trial.

3

1 | innocence.

2 | In an order and judgment dated July 3, 2003, District Judge
3 | Margaret M. Morrow adopted this Court's Report and Recommendation
4 | finding that the factual predicate for the gang and firearm
5 | enhancements was not supported by evidence sufficient to allow a
6 | rational fact finder to have found proof of guilt beyond a reasonable
7 | doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). The
8 | Court rejected Petitioner's other two arguments, granted the petition
9 | in part and directed that Petitioner be re-sentenced consistent with
10 | the Court's decision.

11 | On September 23, 2003, Petitioner was re-sentenced by the
12 | Riverside County Superior Court to a term of 24 years. In doing so,
13 | the state court found that the principal count for sentencing
14 | purposes would be the mid-term (6 years) of the assault with a semi-
15 | automatic firearm conviction under CPC § 245(b), doubled under CPC
16 | § 667(e)(1), as Petitioner was a second time serious felony offender,
17 | for a principal term of 12 years. On the three robbery convictions,
18 | the Court imposed consecutive sentences one-third of the mid-term (6
19 | years) for each, for an additional six years. In addition the
20 | sentence included consecutive terms of a one-year prior conviction
21 | enhancement and a five-year prior conviction enhancement under CPC
22 | §§ 667.5(B) and 667.5(A) for a total of 24 years. (Lodgement 1 at pp.
23 | 43-44, 46, 54).

24 | The post-sentence appellate record lacks clarity. As best as
25 | the Court can determine, Petitioner filed a state habeas corpus
26 | petition in the Riverside County Superior Court which was denied on
27 | March 18, 2004. The grounds alleged in this petition are not known.
28 | \\

1    Petitioner filed a motion for modification of sentence on
2  October 19, 2004, alleging that the selection of the assault charge
3  as the principal re-sentencing count violated this court's decision
4  in the federal habeas corpus proceeding because the assault
5  conviction and sentence was somehow predicated on a finding that the
6  assault was gang-related, a relationship which this court had found
7  was not supported by the evidence.   (Lodgement 1, p. 62-72).   The
8  superior court denied this motion on October 19, 2004. (Lodgement 1,
9  p. 61).

10    It appears that Petitioner also attempted to file an appeal from
11  the re-sentencing, but that the appeal was dismissed as untimely by
12  the California Court of Appeal on March 15, 2005.   According to
13  Respondent, Petitioner filed another habeas corpus petition in the
14  Riverside County Superior Court, which was denied on July 25, 2005.
15  On March 14, 2005, Petitioner filed a petition for writ of habeas
16  corpus in the California Supreme Court, which was denied on January
17  25, 2006.

18    This petition was filed on May 10, 2005.   The petition was
19  dismissed with leave to amend and on June 6, 2005, Petitioner filed
20  a first amended petition.   In the first amended petition, it was
21  alleged that the trial court erred in sentencing Petitioner to a 12-
22  year term on the assault with a semiautomatic firearm charge when
23  that finding was dependent on the jury's determination that the
24  offense was gang related within the meaning of CPC § 186.22 and when
25  this Court had concluded that the evidence was insufficient to
26
27
28

1 support such a finding.[3]    In addition, the Court noted that

2 Petitioner may have been attempting to challenge the trial court's

3 instructions on aiding and abetting which were given to the jury in

4 Petitioner's assault/gang enhancement trial.

5       On September 15, 2005, Respondent filed a motion to dismiss the

6 Petition.   Respondent asserted that this is a successive petition

7 which must be dismissed pursuant to 28 U.S.C. § 2244(b).   Petitioner

8 filed a traverse on October 7, 2005 in which he continued to argue

9 that it is his September 2003 12-year sentence which he is

10 challenging as unconstitutional, for the reasons previously stated.

11      On May 16, 2006, the Court issued an order dismissing the

12 petition, with leave to amend.   The Court found that to the extent

13 that Petitioner was attempting to raise substantive challenges to the

14 constitutionality of the 1999 convictions, including the claim of

15 instructional error, that the petition was a successive petition

16 within the meaning of 18 U.S.C. § 2244(b)(3)(A), and that Petitioner

17 was required to seek prior approval from the Ninth Circuit before

18 filing such a petition.   However, the Court found that if Petitioner

19 was raising a Constitutional challenge to the 2004 re-sentencing and

20 had exhausted his state remedies as to that challenge, this Court

21 might have jurisdiction over such a claim.   Petitioner was directed

22 to file a second amended petition, explaining the issues he wished

23 to raise in this petition.

24 \\

25 _____

26      [3] The court notes that in reading the applicable provisions of the
   California Code of Criminal Procedure, it would appear that a sentence
27 of 12 years would be authorized for an individual convicted of aiding
   and abetting an assault with a semi-automatic weapon who has one prior
28 serious felony, without a true finding on a gang enhancement. See CPC
   §§ 245(b); 667(e)(1).

1    On June 19, 2006, Petitioner filed his second amended petition
2  as directed.  Petitioner raises one issue for habeas review: "Whether
3  there was sufficient evidence to support the aiding and abetting the
4  assault with a semiautomatic weapon."  Because Petitioner is raising
5  a claim which relates back to the 1999 trial proceedings and which
6  could have been raised in his 2002 federal habeas petition, this
7  petition is successive and the Court lacks jurisdiction to consider
8  it without prior approval of the Ninth Circuit.
9
10  **II.  Discussion.**
11    The present petition is governed by the provisions of the
12  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-
13  132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996.  Among
14  other things, the AEDPA amended 28 U.S.C. § 2244 to require that
15  "[b]efore a second or successive application [for writ of habeas
16  corpus] permitted by this section is filed in the district court, the
17  applicant shall move in the appropriate court of appeals for an order
18  authorizing the district court to consider the application." 28
19  U.S.C. § 2244(b)(3)(A).
20    Section 2244(b)(3)(A) explicitly provides that a second or
21  successive petition, like the one in this case, requires Ninth
22  Circuit approval before it can be considered by the district court.
23  Until the Ninth Circuit authorizes the filing of this petition, this
24  Court lacks jurisdiction to consider the merits of the petition.  *See*
25  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v.*
26  *U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)(district court lacks subject
27  matter jurisdiction to consider second or successive petition); *see*
28  *also Nevius v. McDaniel*, 105 F.3d 453, 460 (9th Cir. 1996)(district

7

1  court correct to deny motion to file second petition on grounds that

2  court of appeals had not authorized its filing). Because this

3  petition attacks the same judgment which was the subject of the 2002

4  petition, it was improperly filed without leave of the Ninth Circuit.

5  Thus, dismissal of the petition without prejudice is required.

6

7  **III. Conclusion**

8  In accordance with the foregoing, IT IS HEREBY RECOMMENDED that

9  the petition be DISMISSED without prejudice to Petitioner's applying

10  to the United States Court of Appeals for the Ninth Circuit for leave

11  to file a second or successive petition.

12  IT IS FURTHER ORDERED that the clerk shall serve a copy of this

13  order on all counsel or parties of record.

14  Dated: June 21, 2006

15

16

17                                    Marc L. Goldman
                                      United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28